UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICKI L. McCOMBER,

    Plaintiff,

    v.

JOHN E. POTTER,

    Defendant.

Case No. 06-5089 FDB

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on the motion of Defendant John E. Potter, Postmaster General, to dismiss plaintiff Vicki McComber's complaint for failure to exhaust administrative remedies. After reviewing all the materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Defendant's motion and dismisses Plaintiff's complaint in its entirety for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

Vicki McComber, a former letter carrier for the United States Postal Service (USPS) filed this complaint on February 16, 2006, alleging that the defendant "through the actions of his agents, forced Ms. McComber to retire due to her physical and psychological conditions in violation of her rights under the Rehabilitation Act (RHA) and Title VII." Plaintiff also assets that defendant caused

ORDER - 1

Ms. McComber to lose compensation through the Office of Workmens' Compensation Programs (OWCP) and intentionally inflicted emotional distress upon plaintiff.

Prior to filing the instant complaint, Ms. McComber initiated two proceedings with the Equal Employment Opportunity Commission (EEOC).  Plaintiff's first proceeding, initiated in September of 2001, alleged that she was subject to age and gender discrimination when denied one hour of overtime and that she suffered retaliation in the form of a disciplinary letter of warning in response to her initial request for EEOC assistance.  A formal complaint was received by the USPS on December 26, 2001.  The complaint limited to the alleged denial of overtime and the retaliatory letter.  The EEOC complaint did not allege disability discrimination or generalized claims of retaliation or harassment.  A Final Agency Decision was issued on July 23, 2003, finding no discrimination.  The decision informed plaintiff that she could file a civil action in the U.S. District Court within 90 days of receipt of the decision or alternatively file an appeal within 30 days of receipt of the decision.  Approximately, 22 months later, on May 16, 2006, plaintiff filed an appeal alleging she had not received the Final Agency Decision until May 4, 2005.  The appeal was dismissed on August 30, 2005.  The dismissal informed plaintiff of her right to request reconsideration within 30 days of receipt of the decision or to file a civil action in the U.S. District Court within 90 days of receipt of the decision.  Plaintiff did not timely file a request for reconsideration or institute a civil action in the District Court.

On January 10, 2005 , more than two years after the termination of her employment with the USPS, plaintiff filed the second formal EEOC complaint with the Postal Service.  This complaint stated that the USPS had stated to the OWPC that she had been on leave for stress, when her physician had put her on leave for an on-the-job physical injury.  The complaint asserted that this misinformation concerning the reason for her leave constituted retaliation for filing an EEOC complaint.  The complaint did not mention plaintiff's termination from employment.  The complaint did not allege that USPS forced plaintiff to retire instead of accommodating her disability.  On March

ORDER - 2

31, 2005, a Final Agency Decision was issued dismissing plaintiff's second EEOC complaint. The decision was affirmed on appeal on August 31, 2005 and reconsideration denied on November 23, 2005. The denial informed plaintiff that the decision was final and that plaintiff had a right to file a civil action in the U.S. District Court within 90 days from receipt of the decision.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party may not rest upon the mere allegations or denials of the moving party's pleading, but must present significant and probative evidence to support its claim. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). For purposes of this motion, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is mandated where the facts and the law will reasonably support only one conclusion.

## TITLE VII AND REHABILITATION ACT CLAIMS
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A prerequisite to subject matter jurisdiction over a federal discrimination claim is exhaustion of administrative remedies. To bring an action alleging employment discrimination on the basis of handicap pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16(c), or the

ORDER - 3

1  Rehabilitation Act, 29 U.S.C. §§ 791, 794 a plaintiff must first exhaust administrative remedies.

2  Lyons v. England, 307 F.3d 1092, 1103-04 (9th Cir. 2002); Leorna v. U.S. Dept. of State, 105 F.3d

3  548, 550 (9th Cir. 1997). Vinieratos v. United States Dep't of the Air Force, 939 F.2d 762, 767-68,

4  773 (9th Cir. 1991); Boyd v. United States Postal Serv., 752 F.2d 410, 413-14 (9th Cir. 1985).

5  Exhaustion of administrative remedies requires that the complainant file a timely charge with the

6  EEOC, thereby allowing the agency time to investigate the charge. See, 42 U.S.C. § 2000e-5(b);

7  Lyons, at 1104.

8        Federal regulations require that a federal employee raise a discrimination claim with an EEOC

9  counselor within forty-five days of an adverse employment action. See Leorna, at 550 (citing 29

10 C.F.R. § 1614.105(a)). The forty-five-day statute of limitations begins to run "when the facts that

11 would support a charge of discrimination would have been apparent to a similarly situated person

12 with a reasonably prudent regard for his rights." Boyd, at 413-14.

13       It is undisputed that Ms. McComber did not raise a complaint with an EEOC counselor

14 within forty-five days of her termination from employment. In fact it was almost two years after she

15 left her position when she contacted an EEOC counselor and that counseling was unrelated to her

16 employment termination. These circumstances make it clear that plaintiff failed to exhaust

17 administrative remedies in regard to her constructive discharge claim and that she may not maintain a

18 civil action for constructive discharge. See, Leorna, at 551; Leong v. Potter, 347 F.3d 1117, 1122

19 (9th Cir. 2003).

20       It is also evident that Ms. McComber's complaint is not saved by her two EEOC

21 proceedings. Incidents of discrimination not included in an EEOC charge may not be considered by

22 a federal court unless the new claims are like or reasonably related to the allegations contained in the

23 EEOC charge. Lyons, at 1104; Green v. Los Angeles County Superintendent of Sch., 883 F.2d

24 1472, 1475-76 (9th Cir. 1989). The text of Ms. McComber's first EEOC charge simply alleges that

25 she was subject to age and gender discrimination when denied one hour of overtime and that she

26 ORDER - 4

suffered retaliation in the form of a disciplinary letter of warning in response to her initial request for EEOC assistance.  A claim of constructive discharge is not related to the allegations contained in the initial EEOC charge.

Additionally, under either Title VII or the Rehabilitation Act, Ms McComber had 90 days within the final dismissal of her EEO complaint to file a civil action in the Federal District Court. This 90-day filing requirement constitutes a statute of limitations.  Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992); Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir. 1990). Ms. McComber did not file this civil action within 90 days of denial of her initial EEOC complaint.

The second EEOC complaint alleges that USPS provided false information to the OWCP about Ms. McComber's reasons for medical leave. The EEOC complaint asserts that the USPS provided this false information in retaliation for Ms. McComber filing an EEOC complaint.  This complaint makes no reference to the alleged constructive discharge.  Nor is an allegation of constructive discharge reasonably related to the retaliation claim set forth in the EEOC complaint.

The constructive discharge claim is unrelated to the EEOC complaints and accordingly, Ms. McComber failed to exhaust administrative remedies.

**EQUITABLE TOLLING**

Ms. McComber seeks to avoid the bar of failure to exhaust through application of the doctrine of equitable tolling.  The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997).  If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of her claim.  Santa Maria v. Pac. Bell, 202 F.3d

ORDER - 5

1170, 1178 (9th Cir. 2000). The doctrine excuses a plaintiff's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period. Leorna, at 551; Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir. 1987). Equitable tolling is not appropriate and the time period for filing begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights. Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir. 1985). Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is "not available to avoid the consequences of one's own negligence." Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998).

Equitable tolling is not appropriate in this action as Ms. McComber has not alleged facts sufficient to establish an equitable basis for tolling the time limitations for presenting her claim for constructive discharge in violation of her rights under the Rehabilitation Act and Title VII. See, Santa Maria, at 1178-79.

**FEDERAL EMPLOYEES COMPENSATION ACT CLAIM**

Ms. McComber's complaint appears to assert a claim for lost compensation through the Office of Workmens' Compensation Program (OWCP). Defendant moves to dismiss this claim on the basis that decisions on benefit determinations are not subject to judicial review. See, 5 U.S.C. § 8128(b); Rodrigues v. Donovan, 769 F.2d 1344 (9th Cir. 1998). Plaintiff has failed to respond to this argument and the Court interprets this failure as an admission that defendant's legal and factual argument has merit. Local Civil Rule 7(b)(2). Accordingly, to the extent plaintiff alleges she is entitled to additional benefits by OWCP, this claim is subject to dismissal.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

The defendant moves for dismissal of the claim for intentional infliction of emotional distress on the basis that plaintiff failed to exhaust administrative remedies. As plaintiff has failed to respond to this argument, the Court may consider it an admission that defendant's motion has merit. Local

ORDER - 6

Civil Rule 7(b)(2).

A claim for intentional infliction of emotional distress is a tort claim encompassed by the Federal Tort Claims Act (FTCA). Sheehan v. U.S., 896 F.2d 1168, 1169 (9th Cir. 1990). The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted administrative remedies. 28 U.S.C. § 2675(a). Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006). Under the terms of the FTCA, a claimant is required to present an administrative claim to the offending agency within two years after the claim accrues. 28 U.S.C. § 2401(b); Cato v. U.S., 70 F.3d 1103, 1107 (9th Cir. 1995). As a jurisdictional prerequisite to bringing suit under the FTCA, a plaintiff must first file an administrative claim with the offending agency, and the claim must be denied before filing in federal court. Blair v. IRS, 304 F.3d 861, 864-65 (9th Cir. 2002); Brady v. United States, 211 F.3d 499, 502-03 (9th Cir. 2000). The FTCA establishes explicit prerequisites to the filing of suit against the Government in Federal District Court. It admits of no exceptions. The courts are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff. Vacek, at 1250.

Plaintiff has failed to exhaust administrative remedies and as such, the intentional infliction of emotional distress claim is subject to dismissal.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Dkt. #11] is **GRANTED**, and plaintiff's cause of action is dismissed in its entirety.

DATED this 16th day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7